# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PATIENTS NOT PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-cv-02058-RBW |
| | ) | Judge Reggie B. Walton |
| PROTHERA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF PROTHERA, INC.

## ANSWER

The Defendant, ProThera, Inc. ("ProThera"), for its Answer to the Complaint asserted by Patients not Patents, Inc. ("Plaintiff"), and for its Counterclaim against Plaintiff states:

1.    ProThera is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.    ProThera admits the allegations contained in paragraph 2 of the Complaint.

3.    ProThera admits the allegations contained in paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4.    Admitted.

- 1 -

5.     ProThera admits the  this Court has personal jurisdiction over ProThera, Inc. and has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).  ProThera denies the remaining allegations contained in paragraph 5 of the Complaint.

6.     ProThera denies that venue is properly based in this District under 28 U.S.C. §§ 1391 and 1395.

## DEFENDANT'S COURSE OF CONDUCT

7.     ProThera admits the allegations contained in paragraph 7 of the Complaint.

8.     ProThera does not understand what the plaintiff means by "At times relevant to this Complaint," and as such, ProThera cannot form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.  ProThera admits that it has furnished advertising copy in connection with the products listed in paragraph 7 of the Complaint on its website and through its product catalog.  ProThera denies the remaining allegations contained in paragraph 8 of the Complaint.

9.     ProThera does not understand what the plaintiff means by "At times relevant to this Complaint," and as such, ProThera cannot form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.  ProThera admits that advertisements for the products listed in paragraph 9 of the Complaint contain a statement that reads, "Molybdenum (as molybdenum amino acide chelate**)" and "**U.S. Patent Number 4,599,152 Albion Laboratories."   ProThera denies the remaining allegations contained in paragraph 9 of the Complaint.

10.    ProThera does not understand what the plaintiff means by "At times relevant to this Complaint," and as such, ProThera cannot form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint. ProThera admits that advertisements for the GastroTheraPack™, VitaPrime™, OcuTheraPack™, MultiThera 2™ (With Iron), MultiThera 1™ (Iron-Free), MultiThera 1™ Capsules, ArthroTheraPack™, GlucoTheraPack™, CardioTheraPack™, TheraSlimPack™, Regerin™, Regerin™ Daily, InflaTheraPack™, AntiOxTheraPack™, and OsteoTheraPack™ products listed in paragraph 10 of the Complaint contain a statement that reads, "Chromium (50% as chromium polynicotinate*** and 50% as chromium amino acid chelate**)" and "**U.S. Patent Number 4,599,152 Albion Laboratories." ProThera denies the remaining allegations contained in paragraph 10 of the Complaint.

11.    ProThera does not understand what the plaintiff means by "At times relevant to this Complaint," and as such, ProThera cannot form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint. ProThera admits that advertisements for the MultiMinerals product listed in paragraph 11 of the Complaint contain a statement that reads, "Chromium (as chromium polynicotinate***)" and "***ChromMate™ brand. U.S. Patent Number 4,923,855 InterHealth Nutraceuticals, Inc." ProThera admits that advertisements for the GastroTheraPack™, VitaPrime™, OcuTheraPack™, MultiThera 2™ (With Iron), MultiThera 1™ (Iron-Free), MultiThera 1™ Capsules, ArthroTheraPack™, CardioTheraPack™, TheraSlimPack™, Regerin™, Regerin™ Daily, InflaTheraPack™, AntiOxTheraPack™, and OsteoTheraPack™ products listed in paragraph 11 of the Complaint contain a statement that reads, "Chromium (50% as chromium polynicotinate*** and 50% as chromium amino acid chelate**)" and "***ChromMate™ brand. U.S. Patent Number 4,923,855 InterHealth

Nutraceuticals, Inc." ProThera denies the remaining allegations contained in paragraph 11 of the Complaint.

## THE '152 PATENT

12.    ProThera admits the allegations contained in paragraph 12 of the Complaint.

13.    ProThera denies the allegations contained in paragraph 13 of the Complaint.

## THE '855 PATENT

14.    ProThera admits the allegations contained in paragraph 14 of the Complaint.

15.    ProThera admits that the claims of the '855 patent are not directed to a chromium polynicotinate product itself. ProThera denies that the claims of the '855 patent are limited only to methods for administration of chromium polynicotinate to increase glucose tolerance.

16.    ProThera denies the allegations contained in paragraph 16 of the Complaint.

## STANDING

17.    ProThera admits the allegations contained in paragraph 17 of the Complaint.

## STATUTE OF LIMITATIONS

18.    ProThera admits the allegations contained in paragraph 18 of the Complaint.

## CAUSE OF ACTION

19.     ProThera denies the allegations contained in paragraph 19 of the Complaint.

20.     ProThera denies the allegations contained in paragraph 20 of the Complaint.

### PRAYER FOR RELIEF

21.     ProThera denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to the specific relief requested in numbered paragraph 21 in its Prayer for Relief contained in its Complaint.

22.     ProThera denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to the specific relief requested in numbered paragraph 22 in its Prayer for Relief contained in its Complaint.

### AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint for infringement fails to state a claim upon which relief may be granted and, therefore, should be dismissed with prejudice.

2.     With respect to the products listed in paragraph 7 of the Complaint, ProThera has not marked upon, or affixed to, or used in advertising in connection with an unpatented article the word "patent" or any word or number importing the same is patented, for the purpose of deceiving the public.

3.     With respect to the products listed in paragraph 7 of the Complaint, ProThera has not, without the consent of the patentee, marked upon, or affixed to, or used in advertising in connection with any made, used, offered for sale, or sold by ProThera within the United States, or imported by ProThera into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the

- 5 -

intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe that the thing was made, offered for sale, sold, or imported into the United States by or with the consent of the patentee.

4.    ProThera reserves the right to assert further and additional affirmative defenses as its investigation and discovery in this action proceed.

WHEREFORE, ProThera respectfully requests that this Court:

1.    Dismiss Plaintiff's Complaint with prejudice;

2.    Award ProThera damages for Plaintiff's failure to conduct an adequate pre-filing investigation prior to filing this Complaint;

3.    Award ProThera its attorneys' fees and costs incurred in defending this action pursuant to 35 U.S.C. § 285; and

4.    Award ProThera any and all other relief to which it appears entitled.


Dated:  November 14, 2005


Respectfully submitted,

Linda E. Alcorn, Esq. (D.C. Bar No. 444452)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Avenue N.W.
Washington, District of Columbia 20005
(202) 371-2600

ATTORNEY FOR DEFENDANT, PROTHERA, INC.


- 6 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Answer and Affirmative Defenses of ProThera, Inc. was served upon counsel of record by Electronic Filing and U.S. First Class Mail delivery, postage pre-paid, on this 14th day of November 2005, to:

Jeffrey L. Light
Patients not Patents, Inc.
1712 Eye Street, NW
Suite 915
Washington, DC  20006